**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

| | |
|---|---|
| **CHRISTOPHER ALEXANDER SHY**, | |
| **Plaintiff,** | |
| **v.** | **Civil No.: 3:19-CV-172** <br> **(JUDGE GROH)** |
| **RYAN ADAMS,** <br> **ANGIE BOOTH, and** <br> **ASHLEY CAMBELL,** | |
| **Defendants.** | |

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On October 11, 2019, the Plaintiff filed a *pro se* complaint against the above-named defendants pursuant to 42 U.S.C. § 1983.   ECF No. 1. On that same date, Plaintiff filed a motion to proceed without prepayment of fees and a consent to collection of fees. ECF Nos. 2, 3. The Clerk issued a Notice of Deficient Pleading which advised Plaintiff that he was required to file a prisoner trust account report and ledger sheets along with his motion.  ECF No. 5. On October 18, 2019, Plaintiff filed a Motion to Amend Complaint to add additional claims of negligence and intentional infliction of emotional distress. ECF No. 6 at 4 – 5.  Plaintiff filed an Amended Complaint on October 22, 2019.  ECF No. 9. This case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq., and 28 U.S.C.§§ 1915(e) and 1915A.

## II. THE COMPLAINT

In his complaint, Plaintiff asserts two claims related to his transfer of incarceration from the Northern Correction Center to Huttonsville Correctional Center on September 13, 2019.  ECF No. 1 at 7-8.  For relief, the Plaintiff's complaint asks the Court to grant him a preliminary and permanent injunction based on the Defendants' failure to protect him, and "del[iberate] indifference to a serious harm or attack."  ECF No. 1 at 9.

Plaintiff asserts that prior to filing this complaint, he had not received a response to the three levels of grievances he claims he filed.  ECF No. 1 at 5, 7.

On October 18, 2019, Plaintiff filed a Motion to Amend Complaint to add additional claims of negligence and intentional infliction of emotional distress related to his transfer of incarceration. ECF No. 6 at 4 – 5.  Plaintiff's Amended Complaint again requested that preliminary and permanent injunctions be issued regarding Plaintiff's placement at various correctional institutions.  ECF No. 9 at 13.

## III. STANDARD OF REVIEW

Because the Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.  Pursuant to 28 U.S.C. § 1915A(b), a court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  However, the court must read *pro se* allegations

in a liberal fashion.  Haines v. Kerner, 404 U.S. 519, 520 (1972).   A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous.  See Neitzke at 328.   Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 32 (1992).  This includes claims in which the plaintiff has little or no chance of success.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## IV. ANALYSIS

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing a case with respect to prison conditions must first exhaust all available administrative remedies.  42 U.S.C. § 1997e.  Exhaustion as provided in § 1997(e)(a) is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).  The Supreme Court of the United States has determined that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 532 (2002).

In addition, although generally the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, the court is not foreclosed from dismissing a case *sua sponte* on exhaustion grounds.  See Anderson v. XYZ Prison Health Services, 407 F.3d 674, 681 (4th Cir. 2005).  If the failure to exhaust is apparent from the face of the complaint, the court has the authority under 28 U.S.C. §1915A to dismiss the case *sua sponte*.  Id. at 682.

---

[1] Id. at 327.

A grievance procedure is available to inmates through which they may seek review of complaints related to the conditions of their confinement. Under this procedure, inmates must first submit a grievance to the administrator of the facility in which they are confined. Upon receipt of the grievance, the administrator may reject the grievance if it appears on its face to have been filed in bad faith, or if other administrative procedures exist that have not been utilized. If the grievance is rejected, the administrator must advise the inmate of the rejection. If the grievance is not rejected, the administrator may assign a staff member to investigate the complaint. Such staff is then required to submit a written report within forty-eight (48) hours. Within two days of receipt of the written report, the administrator must provide a written decision which identifies the action taken, the reasons for the action, and the procedures that must be followed to properly appeal the decision.  If the administrator's response is unfavorable, the inmate may appeal to the chief of operation within five days of the receipt of the administrator's decision. Upon receipt of an appeal, the chief of operations must immediately direct the administrator to forward copies of all information relating to the inmate's grievance within two business days. The chief of operations may direct an investigation of the report be conducted and a written report be submitted within 15 days. Within 10 days of receiving all of the information related to the grievance, the chief of operations must provide a written decision which identifies the corrective action taken or the reasons for denying the grievance. If the chief of operations' response is unfavorable, the inmate may appeal to the Office of the Executive Director within five days of receipt of the chief of operations' response. To do so, the inmate must mail to the Executive Director, copies of the original complaint and all of the responses thereto. The Office of the Executive Director must respond to an inmate's appeal within

10 days of receiving all the information. Unless the inmate has been notified of an extension of time for a response, the inmate may move to the next stage of the grievance process if the inmate does not receive a response at the expiration of the time limit at any stage of the process. The grievance process must be concluded within 60 days, inclusive of any extensions.

The Plaintiff's complaint states that he is waiting for the conclusion of a grievance he filed under the prisoner grievance procedure. ECF No. 1 at 5. Further, the Court notes that the events complained of occurred less than one month before the filing of the complaint, making exhaustion of all remedies, if not impossible, highly unlikely. It is apparent that the Plaintiff has not exhausted the grievance procedure by filing a grievance with the administrator, then the chief of operations, and finally the Office of Executive before filing his complaint in federal court. Because the failure to exhaust is clear on the face of the complaint and additional documents, *sua sponte* dismissal of this action is appropriate.[2] See Anderson, 407 F.3d at 682.

Furthermore, even if the Plaintiff had properly exhausted his administrative grievances, his complaint would still be subject to dismissal because, among other

---

[2] Despite the fact that the Supreme Court has stated that it "will not read futility or other exceptions into statutory exhaustion requirements . . . ," see Booth v. Churner, 532 U.S. at 741, n. 6, several courts have found that the mandatory exhaustion requirement may be excused in certain limited circumstances. See Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (summary dismissal for failure to exhaust not appropriate where prisoner was denied forms necessary to complete administrative exhaustion); Ziemba v. Wezner, 366 F.3d 161 (2d Cir. 2004) (defendant may be estopped from asserting exhaustion as a defense, where the defendant's actions render the grievance procedure unavailable); Aceves v. Swanson, 75 Fed.Appx. 295, 296 (5th Cir. 2003) (remedies are effectively unavailable where prison officials refuse to give inmate grievance forms upon request); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy is not available within the meaning of § 1997e(a) when prison officials prevent a prisoner from utilizing such remedy); Dotson v. Allen, 2006 WL 2945967 (S.D.Ga. Oct. 13, 2006) (dismissal for failure to exhaust not appropriate where Plaintiff argues that failure to exhaust was direct result of prison official's failure to provide him with the necessary appeal forms). Here, plaintiff has failed to set forth any reason to excuse his failure to exhaust.

reasons, Plaintiff seeks relief which is unavailable or improper under § 1983, has failed to name proper parties to state a cause of action, and has failed to assert a cognizable cause of action as to some of his claims against the named parties.

Additionally, to the extent that Plaintiff seeks an injunction, he does not demonstrate he is entitled to relief. The Fourth Circuit reviews "a district court's decision to grant a preliminary injunction under an abuse-of-discretion standard." International Refugee Assistance Project v. Trump, 883 F.3d 233, 255 – 56 (4th Cir. 2018), as amended (Feb. 28, 2018). The standard for granting injunctive relief was articulated by the United States Supreme Court which held in Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) that:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

As restated by the Fourth Circuit, when a plaintiff seeks the extraordinary remedy of a preliminary injunction:

> The plaintiff "need not establish a certainty of success, but must make a clear showing that he is likely to succeed at trial." A plaintiff seeking a preliminary injunction must establish that (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest.

Int'l Refugee, 883 F.3d at 256 (citing WV Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave, 553 F.3d 292, 298 (4th Cir. 2009) (citing Winter, 555 U.S. at 7)). This standard becomes even more exacting when a plaintiff seeks a preliminary injunction that mandates action, as contrasted with the typical form of a preliminary injunction that merely

preserves the status quo.  See East Tennessee Natural Gas Co. v. Sage, 361 Fed 3d 808, 828 (4th Cir. 2004) (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)) (noting that "mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demands such relief").

First, Plaintiff has not shown he is likely to succeed on the merits with regard to his claim. "To state a claim for relief in an action brought under § 1983, [Plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999).  See Thomas v. The Salvation Army Southern Territory, 841 F.3d 632, 637 (2016).  Plaintiff claims that he was an inmate at Huttonsville[3], and for his safety was first placed in Special Management. ECF No. 1 at 7. Plaintiff asserts that this designation was made because he was previously involved in gang activity. Id. Further, Plaintiff states after his Special Management designation at Huttonsville, he was transferred to Northern Correctional Center for his safety, but then moved back to Huttonsville without a Special Management designation. Even giving Plaintiff the benefit of all doubt, these facts do not demonstrate that he is likely to succeed on the merits of his § 1983 claim.

Second, Plaintiff has not demonstrated that he is likely to suffer irreparable harm in the absence of preliminary relief.  Plaintiff claims that he is in imminent danger while housed at Huttonsville Correctional Center, and that the institution is "unsafe".  However, Plaintiff does not assert that any adverse action has been taken against him, or even

---

[3] Although it appears that Plaintiff alleges this designation occurred in December 2018, the exact date, as handwritten, is illegible. ECF No. 1 at 7.

threatened against him.  ECF No. 1 at 7.  Because Plaintiff has failed to submit any records or documents with his request which demonstrate that he is likely to suffer irreparable harm in the absence of injunctive relief, he has failed to demonstrate the need for a temporary restraining order or preliminary injunction.

Third, Plaintiff has failed to show that the balance of equities tips in his favor. Despite his allegations of imminent danger, Plaintiff has not demonstrated that fairness dictates issuance of either a TRO or a preliminary injunction. His failure to allege any threats, or specific acts taken against him which support his claims of being in imminent danger, dooms his request for injunctive relief.

Fourth, Plaintiff has not demonstrated that an injunction is in the public interest. Plaintiff has raised no specific grounds which concern the public interest.  Accordingly, Plaintiff has not demonstrated that the public interest requires the injunction he seeks.

Because Plaintiff is unable to meet any of the four parts of the Winter test for issuance of an injunction, his request for an injunction contained in the complaint [ECF No. 1] is not warranted.  Moreover, to the extent that Plaintiff's motion seeks to mandate action by the Defendants, Plaintiff has failed to demonstrate that he is entitled to extraordinary relief because he has failed to demonstrate that the exigencies of the situation demand such relief.

## V. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDED** that Plaintiff's section 1983 complaint [ECF No. 1] be **DENIED and DISMISSED WITHOUT PREJUDICE** for the failure to exhaust, and this case be closed. It is also **RECOMMENDED** that Plaintiff's requests for preliminary and permanent injunctions contained in his complaint and

amended complaint [ECF No. 1 at 9, 9 at 13] be **DENIED**. In addition, it is **RECOMMENDED** that Plaintiff's Motion to Amend Complaint [ECF No. 6] be **DENIED** as **MOOT**. It is further **RECOMMENDED** that Plaintiff's motions to proceed without prepayment of fees [ECF Nos. 2, 9] and his motion to order Huttonsville to produce ledger sheets [ECF No. 10] be **TERMINATED** as **MOOT**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:** October 24, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE